```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF INDIANA
                      HAMMOND DIVISION
```

ROBERT LEON,                      )
                                  )
Petitioner,                       )
                                  )
vs.                               )   NO. 2:04-CV-430
                                  )        (2-02-CR-45)
UNITED STATES OF AMERICA,         )
                                  )
Respondent.                       )

## OPINION AND ORDER

This matter is before the Court on the Petition Under § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, filed by pro se Petitioner, Robert Leon, on October 18, 2004.  For the reasons set forth below, the section 2255 motion is **DENIED**.  The Clerk is **ORDERED** to **DISMISS** this case **with prejudice**.  The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner (Prisoner No. 07096-027), FCI-MILAN, P.O. Box. 9999, Milan, Michigan, 48160, or to such other more current address that may be on file for the Petitioner.

BACKGROUND

On June 20, 2002, Leon pled guilty to an information charging him with two counts of using a telephone to distribute crack cocaine in violation of 21 U.S.C. § 843(b).  Pursuant to the plea agreement, Leon

waived his right to appeal his sentence and to file for post-conviction relief.  His plea agreement provides in pertinent part as follows:

> I am aware that my sentence will be determined in accordance with the United States Sentencing Guidelines.  I am also aware that a sentence imposed under the Guidelines does not provide for parole.  I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense as set forth above in paragraph 9(c) of this plea agreement.  With that understanding, I expressly waive my right to appeal my sentence on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742.  I also agree not to contest my sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding under Title 28, United States Code, Section 2255.

(Plea Agreement ¶ 9(g).)  The plea agreement informs Leon that the statutory maximum penalty for each of Counts 1 and 2 was 4 years imprisonment, a fine not to exceed $250,000, and a one-year term of supervised release.  (Plea Agreement ¶ 9(c).)

Leon's sentencing hearing took place on October 1, 2002.  The Court sentenced Leon to 36 months imprisonment on each of Counts 1 and 2, to be served consecutively, and a one-year term of supervised release for both counts to be served concurrently.  Leon did not file a direct appeal with the Seventh Circuit.

Leon filed the instant 2255 petition on October 18, 2004.  He advances three main arguments:  (1) that his guilty plea was signed without understanding the consequences of the plea, and that his

-2-

counsel provided ineffective assistance of counsel because he never advised Leon about the role of relevant conduct or that his sentences would run consecutively; (2) under section 3D1.2 of the Federal Sentencing Guidelines (the "Guidelines"), the two counts against him should have been grouped together; and (3) that the plea agreement failed to establish drug quantity, a base offense level for sentencing, and relevant conduct.  Leon also fashions an argument under *Blakely v. Washington*, 124 S. Ct. 2531 (2004).  In response, the Government argues that Leon's petition is time-barred.

DISCUSSION

Relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations."  *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  In order to proceed on a petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  *Id.*

In assessing Petitioner's motion, the Court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally.  *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however

inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).  In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).  On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'"  *Id.*  Here, the Court assessed Petitioner's claims with those guidelines in mind.

The Government argues that Leon has filed his petition too late to secure the relief he is requesting under section 2255.  Section 2255 contains a one-year statute of limitation which runs from the latest of:  (1) the date on which the judgment of conviction becomes final; (2) the date on which an unlawful or unconstitutional government-created impediment to filing has been removed; (3) the date

on which "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (4) the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255.  "[A] collateral attack under § 2255 must be filed after the date on which the judgment of conviction becomes final . . . ." *United States v. Woods*, 169 F. 3d 1077, 1078 (7th Cir. 1999).

In this case, Leon's judgment and commitment was issued on October 1, 2002.  When a defendant fails to file a notice of appeal within ten working days after the entry of judgment, that judgment becomes final.  *See* Fed. R. App. P. 4(b)(1)(A) (providing 10 days in which a defendant may file a notice of appeal in a criminal case); *Godoski v. United States*, 304 F.3d 761, 762 (7th Cir. 2002).  Thus, Leon's conviction became final when the time for appeal lapsed on October 15, 2002.  Leon was therefore required to file his section 2255 petition no later than October 15, 2003.  However, his petition was not filed until over a year later, on October 18, 2004.

Leon makes no claim that the Government prevented him from filing a timely petition.  However, he does argue that the Supreme Court's decision in *Blakely* falls under section 2255(3), running the statute of limitation for one year from the date on which "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively

-5-

applicable to cases on collateral review." This Court agrees with the Government that *Blakely* has not established a new rule of constitutional law within the meaning of section 2255, nor has the Supreme Court held that *Blakely* is retroactive to cases on collateral review.

Because Leon's underlying criminal case has long been "final," he cannot pursue a *Blakely/Booker* claim until and unless the Supreme Court makes such claims retroactive to cases on collateral review. *In Re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004). Until then, *Blakely/Booker* claims are not cognizable in section 2255 proceedings. The Seventh Circuit Court of Appeals recently concluded that "Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005." *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *see also Garcia v. United States*, No. 04-CV-0465, 2004 WL 1752588, at *5-*7 (N.D.N.Y. August 4, 2004) (conducting *Teague* analysis and concluding *Blakely* does not apply retroactively to section 2255 motions). However, in the unlikely event the Supreme Court makes such claims retroactively applicable to cases on collateral review, Leon will be able to attempt to pursue such claims by filing a successive 2255 motion. *See Simpson v. United States*, 376 F.3d 679, 682 (7th Cir. 2004) (advising would-be section 2255 petitioner to file successive section 2255 motion if Supreme Court makes *Blakely* retroactive to cases on collateral review). Accordingly, Leon's petition fails because it is barred by the one-

year statute of limitation.

CONCLUSION

    For the foregoing reasons, the Petition Under § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, is **DENIED**.  The Clerk is **ORDERED** to **DISMISS** this case with prejudice. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner (Prisoner No. 07096-027), FCI-MILAN, P.O. Box. 9999, Milan, Michigan, 48160, or to such other more current address that may be on file for the Petitioner.

**DATED:  September 2, 2005**       /s/ RUDY LOZANO, Judge
                                                **United States District Court**